INHAB'TS OF EASTPORT *versus* INHAB'TS OF EAST MACHIAS.

The selectmen of a town are, by statute, empowered to adjudicate upon the question of insanity, when applied to for a warrant to send a person to the insane hospital for that cause, and also to adjudicate upon the *residence* of such person.

They are also required to keep a record of their doings in such cases, and to furnish copies of the same to any person interested.

In a suit brought by the town, adjudged by the selectmen to be the *residence* of such insane person, in order to recover for expenses incurred in maintaining him at the hospital, an attested copy of the selectmen's record is admissible in evidence.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding. ASSUMPSIT.

A complaint, in writing, was made to the selectmen of Eastport, signed by one M. B., in the following words : —

" To the selectmen of the town of Eastport.

" M. B. of Eastport, makes complaint and says, that Elizabeth Howard is insane, and he believes it will be for her comfort and safety that she be removed to the insane hospital. Wherefore he prays that an examination into the facts may be made, and that such steps be taken as the law provides in such cases."

The action of the selectmen, as appears by the record of their doings, was as follows, viz. : —

" Upon the foregoing complaint, the undersigned, selectmen of Eastport, having inquired into the condition of the above named Elizabeth Howard, who is now in this town, and after hearing the testimony necessary to understand the case, are of opinion that she is insane, and that her comfort and safety will be promoted by a residence at the insane hospital, at Augusta. We therefore order that she be forthwith removed to

Augusta, and delivered to the care of the superintendent of the insane hospital, to be detained until she shall become of sound mind, or be otherwise legally discharged. Given under our hands," &c.

In pursuance of that order, the said Elizabeth was carried to the insane hospital, and maintained there six months at an expense of $89,05, which the plaintiffs paid.

To recover that sum this action was brought, the plaintiffs alleging, in their declaration, that her legal settlement was in the defendant town.

To establish their case, the plaintiffs introduced a copy, attested by said selectmen, of the record of the complaint and of their adjudication thereon, though the admission of the copy was objected to by the defendants. The verdict was for the plaintiffs, and the defendants excepted to the admission of said copy.

*J. A. & S. H. Lowell,* for the defendants.

It was necessary for the plaintiffs to prove the *insanity* as they have alleged. To make out the insanity, they introduced a copy of the record of the doings of their selectmen. That certificate was improperly admitted ; —

1. Because selectmen are not by law constituted certifying officers.

2. Because said selectmen were not physicians, nor adepts, nor persons having experience or skill to determine and decide upon questions of sanity or insanity.

3. Because the certificate was wholly *exparte*, and merely the hearsay of an opinion formed by persons, not recognized as adepts or as skillful to decide such questions.

4. Because the *insanity* was a matter of fact, to be proved by evidence of the acts and condition of the pauper, from which the jury could deduce or infer the fact of insanity. But the record was not evidence, to be weighed and judged of by the jury ; it was merely an expression of opinion of the selectmen ; a mere begging of the question to be proved.

5. Because, if the alleged pauper had been insane, better

evidence than the record might and ought to have been introduced to show that fact.

It may be urged, because c. 33, of the Laws of 1847, § 17, provides that selectmen in such cases " shall keep a record of their doings, and furnish a copy to any person interested, who may call and pay for the same," that such " copy" is to be received as evidence of the *insanity* of persons sent to the insane hospital. But no such intention is expressed in the statute. In an action by the *hospital* against the *plaintiff town*, such record might be evidence. It could be evidence for no other purpose. To go farther than this, would be an unwarrantable construction of the statute. But, even if the *record itself* could have been admissible *between these parties*, the *copy* of it, however attested, was not receivable.

*Hayden*, for the plaintiffs.

SHEPLEY, C. J. — The only question presented is, whether a copy of the decision of the selectmen of the town of Eastport, that Elizabeth Howard was insane, duly authenticated by the selectmen, was properly received as evidence.

By the Act approved on August 2, 1847, c. 33, § 8, the selectmen of towns are constituted a board of examiners, and are authorized to call before them, and to hear testimony and to decide, whether the person, against whom complaint has been made, is insane. They are required by the seventeenth section to keep a record of their doings, and to furnish a copy of it to any person interested on payment therefor.

Over their decision, the town, in which the person alleged to be insane resides, has no control. Their certificate, sent to the hospital and stating the residence of the insane person, is by the eleventh section made sufficient evidence to render such town liable for the expense of commitment and support; and the town may recover that expense of another town, as if incurred for the ordinary expense of a pauper; and yet such person is not to be deemed a pauper.

When a town desires to recover such expense of another town, it must prove, that such a decision by the selectmen has been made. That decision could not be proved by parol

testimony, when the act requires, that a record of it should be made. It must be proved by a production of that record, or by a transcript or duly authenticated copy of it. It is by the Act made a public record, and to a copy of it all persons interested are entitled. It might not be possible to furnish such copies, if the original record were liable to be transported from place to place as testimony. There might be many records of such cases in one book of records, and if that book only could be used as testimony, it might be still more difficult to furnish copies to those entitled to them. To avoid such inconveniences, and to preserve the record more safely, the law permits duly authenticated copies of all public records and documents to be received as evidence.

The Act having made it the duty of the selectmen to furnish copies, the copy duly authenticated by them was properly received as evidence.     *Exceptions overruled.*

TENNEY, RICE and HATHAWAY, J. J., concurred.